JAY DEE WARREN v. FRANK GARDNER HARDWARE AND SUPPLY
COMPANY.

[51 South. 129.]

NEW TRIAL. *Grounds. Absence of party.*

Where a case was tried on an early day of a special term of court and the defendant, a material witness in his own behalf, was absent because of an honest mistake causing him to believe that the case would not be tried until a later day of the term, a judgment against him should be vacated, in the discretion of the court at his costs, and a new trial granted, on seasonable application and presentation of the facts made during the same term, supported by a proper showing of a good defense.

FROM the circuit court of, second district, Jones county.

HON. ROBERT L. BULLARD, Judge.

The Frank Gardner Hardware & Supply Company, appellee, a corporation, was plaintiff in the court below; Warren, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The plaintiff company sued defendant to recover the value of building material sold by plaintiff and used in a building erected by defendant. Personal service of process was had on defendant returnable to the regular September, 1906, term of the circuit court to be held in the town of Ellisville, the county seat of the first judicial district of the county. At such term, upon proper motion of defendant, the cause was transferred, in compliance with law, to the second judicial district of the county, for trial at Laurel, the county seat of the second district of the county. At the March, 1907, term of circuit court, at Laurel, the defendant having pleaded to the declaration, the cause was continued. Subsequently, at a special term of the circuit court which began in Laurel on the second Monday of March, 1909, and continued in session for four consecutive weeks, the cause was set for trial to be had on the third day of the term. On that day the cause was called for trial; defendant did not appear, but his attorney was present and cross-examined the plaintiff's witnesses, and, there being no evidence in behalf of defendant, a verdict was rendered for plaintiff. Five days later, during the same term, the defendant made a motion for a new trial, his affidavit in support of the motion showing, that he was a traveling salesman and had left his home in Laurel, on his routine of travel, on the day when the special term of court convened, honestly believing that the cause was set for trial on a day later in the term than the one on which it was tried, and showing how he had been misled; that defendant had a meritorious defense, showing it, and the defendant asked for a new trial, there being ample time therefor, during the special term. The court below overruled the motion.

*B. E. Eaton,* for appellant.

This cause was tried on the third day of the term, the appellant being absent, and resulted in a judgment as a result of a peremptory instruction to find for the appellee in the sum demanded. On the seventh day of the term, the appellant filed

a special motion for a new trial, supported by affidavit to the effect that he had been mistaken as to when his case was to be tried, and that his impression was that the case was to have been tried on a later day than that set for the trial. The appellant set up in his affidavit that he had prepared to be present at the trial on March 25, and that his absence was due either to the fact that he had misunderstood his counsel when he was informed of the date of the trial, or that his counsel was himself mistaken in such information and that he advised appellant incorrectly as to the date. It is shown in the affidavit that this special term lasted four weeks, and that three weeks remained after the motion for a new trial had been overruled. The appellant offered to submit to any conditions that the trial court might impose on giving him such new trial, and set forth in his affidavit that he had a meritorious defense, the substance of which was fully stated in the affidavit.

We recognize that in matters of this kind the presiding judge has, or ought to have, great discretion of decision, but here the appellant showed that he was absent through a misunderstanding of the time his case was to have been tried, and that, but for the misunderstanding, would have been present. If present, his testimony would, if believed by the jury, have given him a perfect defense. There were three weeks left of the term after the motion was made and overruled. It is apparent that the case could have been re-tried in not more than an hour, since the issue was short and the testimony limited. During those three weeks, appellee could have had his trial and appellant's case fairly presented, and appellee, if he prevailed, could have recovered.

*Shannon & Street,* for appellee.

The court calendar was published in the county newspaper, showing the day on which each case was set for trial. The appellant was a subscriber for this paper. In addition to this, learned counsel for appellant, personally, as he says, notified

appellant that his case was set for trial on the first Wednesday, the day on which it was tried. Not only this, but so sure was learned counsel for appellant that he had informed his client of the day set for trial, that he consented to go to trial without him, because he thought as he says, that he was in no attitude to ask for a continuance. The appellant had his day in court. In fact he was in court from the time the declaration was filed on August 9, 1906, until the trial in March, 1909, and in view of his gross negligence, he was in no attitude to ask for, or receive, any further leniency or new trials at the hands of the court. To adopt any other rule in a case of this kind, would greatly retard the business of the court, for one would never know at what moment, or on what grounds, new trials would be given to litigants who had lost their case by forgetting to go to court.

MAYES, J., delivered the opinion of the court.

While we are reluctant to interfere with the discretion of the trial court, yet it is our judgment that a new trial should have been allowed in this case, and the appellant taxed with all the costs accruing up to the date of the application therefore. We think justice demanded that this be done in this case, and the appellant given an opportunity to present his defense to the suit instituted against him.

This being our view, the case is reversed and remanded.

*Reversed.*